UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VALENTINA AMARO BOWSER and BRANDON BOWSER,<br>    Plaintiffs<br>v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security; JOSEPH B. EDLOW, Director U.S. Citizenship and Immigration Services; JERRY SCOTT AMMONS, Field Office Director, U.S. Citizenship and Immigration Services, Boston Field Office; U.S. DEPARTMENT OF HOMELAND SECURITY; and U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br>    Defendants. | C.A. No. |

## PLAINTIFFS' COMPLAINT FOR DECLARATORY, MANDAMUS, AND INJUNCITIVE RELIEF

This action is brought by the Plaintiffs, **Valentina Amaro Bowser,** and her U.S. Citizen spouse, **Brandon Bowser,** against the Defendants to compel action on pending Forms I-130, I-485, and I-765 as filed by the Plaintiffs. The applications remain within the jurisdiction of the Defendants, who have improperly withheld action on said applications to the detriment of each Plaintiff. Each application filed by the Plaintiffs meets all the requirements for approval. The Defendants' continuing and inexcusable delay in acting on the Plaintiffs' applications is contrary to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 706(1), 706(2)(A), (C), (D), and warrants an exercise of this Court's mandamus power under the Mandamus and Venue Act ("Mandamus Act"), 28 U.S.C. § 1361. The Plaintiffs request relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 and the Constitution of the United States. They further request injunctive relief to prevent further damage and disruption to their lives based on the

unlawful actions of the Defendants in withholding adjudication of all applications properly filed by the Plaintiffs.

In addition to relief under the APA, the Mandamus Act, and the Declaratory Judgment Act, the Plaintiffs challenge the current processing hold on adjudication of applications, such as the Plaintiffs', for citizens of Venezuela and 38 other countries and ask the court to declare that Policy Alert PA-2025-26, Policy Memorandum PM-602-0192, and Policy Memorandum 602-0194 are arbitrary and capricious, contrary to law, and exceed Defendants' statutory authority.

## PARTIES

1. The Plaintiff, **Valentina Amaro Bowser,** is a native and citizen of Venezuela who resides lawfully in the Commonwealth of Massachusetts with her U.S. Citizen husband, the Plaintiff, Brandon Bowser. The Plaintiffs live in Boston, Massachusetts.

2. The Plaintiff, **Brandon Bowser,** is a United States citizen who was born in Maryland. The Plaintiff lives with his wife in Boston, Massachusetts.

3. The Defendant, **Kristi Noem**, is being sued in her official capacity as the Secretary of the Department of Homeland Security.  In this capacity, she is charged with the administration and enforcement of the immigration laws, pursuant to 8 U.S.C., §1103, and she possesses extensive discretionary powers to grant certain relief to non-U.S. Citizens. More specifically, the Secretary of the Department of Homeland Security is responsible for enforcing the Immigration and Nationality Act ("INA") and for adjudicating visa petitions, applications to adjust status, and applications for employment authorization and providing foreign nationals with evidence of their legal status in the United States. The U.S. Citizenship and Immigration Services is an agency

within the Department of Homeland Security to whom the Secretary's authority has in part been delegated and is subject to the Secretary's supervision.

4.       The Defendant, **Joseph B. Edlow**, is being sued in his official capacity as the Director of the U.S. Citizenship and Immigration Services. In this capacity, he is charged with the administration and enforcement of the immigration laws, pursuant to 8 U.S.C., §1103, and he possesses extensive discretionary powers to grant certain relief to non-U.S. Citizens. More specifically, the Director of the USCIS is responsible for enforcing the Immigration and Nationality Act ("INA") and for adjudicating visa petitions, applications to adjust status, and applications for employment authorization and providing foreign nationals with evidence of their legal status in the United States. The U.S. Citizenship and Immigration Services is an agency within the Department of Homeland Security to whom the Director's authority has in part been delegated and is subject to the Director's supervision.

5.       The Defendant, **U.S. Citizenship and Immigration Services,** includes various field offices throughout the United States which conduct interviews and adjudicate applications for immigration benefits such as the ones filed by the Plaintiffs. The Defendant, **Jerry Scott Ammons**, is the Field Office Director of the Boston Field Office of USCIS, which is the place where the Plaintiffs attended an interview in connection with their pending visa petition and application to adjust status and where, on information and belief, the applications are currently pending. The Boston Field Office of USCIS is located at 15 New Sudbury St., Boston, Massachusetts.

6.       The Defendants, **Department of Homeland Security ("DHS") and the U.S. Citizenship and Immigration Services ("USCIS")** are the agencies responsible for enforcing

the INA and for adjudicating and approving visa petitions, applications to adjust status, and applications for employment authorization and providing foreign nationals with evidence of their legal status in the United States.

## JURISDICTION

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs' claims arise under the laws of the United States, specifically the Immigration and Naturalization Act, 8 U.S.C. § 1101, et seq. ("INA") and its implementing regulations. This Court may grant relief pursuant to 5 U.S.C. § 555(b) and § 701 et seq. (APA), 28 U.S.C. § 1361 (Mandamus Act) and 28 U.S.C. § 2201 (Declaratory Judgment Act). There is no jurisdictional bar to review under 8 U.S.C. § 1252(a)(2)(B)(ii) because: (1) the provision does not preclude review of an agency's failure to act; and (2) USCIS has a non-discretionary duty to adjudicate the Plaintiffs' pending applications which meet the criteria for approval.

## VENUE

8. Venue is proper in this court, pursuant to 28 U.S.C. section 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the district where the Plaintiffs and a Defendant reside and where a substantial portion of the events or omissions giving rise to the Plaintiffs' claims occurred.  More specifically, the Plaintiffs reside in Massachusetts and have already attended an interview in connection with their pending applications at the USCIS Boston Field Office which has jurisdiction over their applications.

## FACTUAL BACKGROUND – PLAINTIFFS IMMIGRATION HISTORY

9. The Plaintiff, Valentina Amaro Bowser, has studied, lived, and legally worked in this country since 2013. In 2013 she entered the United States with a valid F-1 visa to attend college

in Miami, Florida. In August, 2015, she transferred to Emerson College in Boston, MA. In May, 2018, the Plaintiff graduated from Emerson College with a Bachelor's Degree in Marketing and Political Communications. At all times during her studies, the Plaintiff maintained valid F-1 student status. Subsequent to obtaining her Bachelor's Degree, the Plaintiff applied for Post Graduation Optional Practical Training and was granted an Employment Authorization Card valid from July 9, 2018 through July 8, 2019. While working with her employment authorization card, the Plaintiff's then employer entered her into the H-1B visa lottery and she was picked for adjudication.

10.     After being picked for adjudication in the H-1B visa lottery, the Plaintiff applied for an H-1B visa and was approved for the period from October 1, 2019 through August 8, 2022. Prior to expiration of her H-1B visa status, the Plaintiff's employer filed an application to extend her H-1B visa which was approved for the period August 9, 2022 through August 8, 2025. During the period of time while in valid H-1B status, the Plaintiff worked for Archipelago Strategies Group, Inc. located in Boston, Massachusetts in the positions of Director of Communications, Senior Communications and Community Engagement Manager, and Community Engagement Coordinator. In 2023 the Plaintiff received an offer to work for the Commonwealth of Massachusetts as Media Director, a position perfectly suited to her Bachelor's Degree and work experience. The Commonwealth filed an application for an H-1B visa to allow the Plaintiff to change employers and continue to work legally with an H-1B visa. That petition was approved with validity dates of March 10, 2023 through December 11, 2025. Upon approval of the petition, the Plaintiff went to work for the Commonwealth of Massachusetts where she continues to be employed. On December 10, 2025, the Commonwealth of Massachusetts filed a petition for

the Plaintiff in order to extend her H-1B visa by recapturing all possible time available for her to continue working in valid H-1B status. The Plaintiff is permitted to continue working for the Commonwealth while her extension request is pending, but her period of authorized employment in the H-1B visa category will expire on February 14, 2026. Without employment authorization or lawful permanent residence, the Plaintiff cannot work beyond that date and will be required to cease her employment with the Commonwealth of Massachusetts.

11. During the time from 2013, when she entered the United States to attend college, through December, 2025, the Plaintiff traveled outside the United States, applied for and obtained F-1 and H-1B visas at different U.S. Consulates, all of which were approved, and entered this country on each occasion without issue. All told, the Plaintiff has been granted two (2) F-1 visas and two (2) H-1B visas by the U.S. Department of State and has never violated the terms of any visa she properly obtained. The Plaintiff has never been arrested or charged with a crime anywhere in the world and has been a model non-citizen who complied in all respects with U.S. Immigration laws.

12. On November 29, 2024, the Plaintiffs married in Boston, Massachusetts. Based on her marriage to a U.S. Citizen and her legal entry to this country, the Plaintiff was eligible to apply for her residence. *8 U.S.C. § 1255(a)*. On January 8, 2025, the Plaintiff, Brandon Bowser, filed his visa petition on Form I-130 for his wife and Valentina Amaro Bowser applied for her residence on Form I-485. (Copies of the receipts for those applications are attached hereto as Exhibit A). On July 10, 2025, November 6, 2025, and again on November 26, 2025, the Defendant, USCIS, fingerprinted the Plaintiff in connection with her pending Form I-485. (Receipts confirming the biometrics appointments are attached hereto as Exhibit B). Based on

processing times for the I-130 and I-485 at the time the Plaintiffs filed their applications they had no reason to believe their case would not be adjudicated by the time the Plaintiff's authorization to work would expire. However, in addition to filing the application to extend her H-1B visa, on December 11, 2025, the Plaintiff filed an application for Employment Authorization on Form I-765. (A copy of the receipt for Form I-765 is attached hereto as Exhibit C). The Plaintiff filed those applications to ensure compliance with the Immigration and Nationality Act and to prevent a gap in her employment.

13.    By notice dated December 3, 2025, the Defendant USCIS sent the Plaintiffs notice that they were scheduled for an interview in connection with their pending Forms I-130 and I-485 at the USCIS Boston Field Office. (A copy of the interview notice is attached hereto as Exhibit D). On January 7, 2026 the Plaintiffs and their attorney attended an interview at the USCIS Boston Field Office in connection with their pending applications. Although there were no issues with the interview, the USCIS officer was not permitted to approve any of the Plaintiffs' applications due to the unlawful hold the agency has on adjudication of all applications filed by citizens of 39 countries, one of which is Venezuela.

14.    As of January, 2026, USCIS indicates the processing times for Form I-485 is 7.5 months. (See Exhibit E attached hereto). The Plaintiffs waited over 12 months to be interviewed in connection with their applications only to learn that the USCIS could not adjudicate the applications because of an unlawful hold on applications from citizens of 39 countries, one of which is Venezuela. The Plaintiffs filed their applications eleven (11) months prior to the Defendants unlawful hold on adjudications of applications such as those filed by the Plaintiffs.

## LEGAL BACKGROUND – ARBITRARY AND CAPRICIOUS IMMIGRATION POLICIES

15.     On June 4, 2025, pursuant to his authority set forth in 8 U.S.C. § 1182(f), President Trump issued Proclamation 10949 (PP 10949) entitled "Restricting the Entry of Foreign Nationals to Protect the United States from Foreign Terrorists and Other National Security and Public Safety Threats." *See 90 FR 24497 (June 4, 2025)* at https://www.federalregister.gov/documents/2025/06/10/2025-10669/restricting-the-entry-of-foreign-nationals-to-protect-the-united-states-from-foreign-terrorists-and. The reason stated for the restrictions and limitations imposed by Proclamation 10949 is the prevent the *entry* or admission of foreign nationals about whom the United States Government lacks sufficient information to assess the risks they pose to the United States. Venezuela is listed as a country in Proclamation 10949 as being subject to a partial restriction and limit on *entry* to this country.

16.     By Policy Alert dated November 27, 2025 (PA 2025-26), the Defendant, USCIS, issued new policy guidance based on Proclamation 10949 indicating that the agency will consider, "relevant country-specific facts and circumstances such as those outlined in PP 10949 as part of its adjudication of discretionary benefit requests." *See PA 2025-26* at https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20251127-Discretion.pdf. USCIS initiated this new policy despite noting in PA 2025-26 that PP 10949 applies to aliens who are *outside* of the United States on or after June 9, 2025 and who do not have a valid visa on or after June 9, 2025. In June, 2025 Valentina Amaro Bowser was in the United States working in valid H-1B visa status.

17.     On December 2, 2025, the Defendant, USCIS, issued a new Policy Memorandum (PM-602-0192) which amongst other things, places a hold on pending benefit requests for non-

citizens from countries listed in PP 10949. The hold on benefits initiated in PM-602-0192 applies to citizens of Venezuela and does not list a deadline on the hold period. In order to lift the processing hold, the Defendant, Joseph B. Edlow, must issue a subsequent memorandum with no specific deadline listed. *See PM-602-0192* at

https://www.uscis.gov/sites/default/files/document/policy-alerts/PM-602-0192-PendingApplicationsHighRiskCountries-20251202.pdf.

18. On December 16, 2025, pursuant to his authority set forth in 8 U.S.C. § 1182(f), President Trump issued Proclamation 10998 (PP 10998) entitled "Restricting and Limiting the Entry of Foreign Nationals to Protect the Security of the United States." *See 90 FR 59717 (December 19, 2025)* at https://www.federalregister.gov/documents/2025/12/19/2025-23570/restricting-and-limiting-the-entry-of-foreign-nationals-to-protect-the-security-of-the-united-states#print. PP 10998 continued the partial restriction and limits the *entry* of nationals from multiple countries listed in PP 10949, including Venezuela.

18. On January 1, 2026, the Defendant, USCIS, issued a new Policy Memorandum (PM-602-0194) which expanded the list of countries subject to the adjudication hold for those listed in PP 10949. PM-602-0194 includes a list of exceptions to the adjudicative hold on benefits, but none of the exceptions apply to the Plaintiffs'.

19. The Plaintiffs filed their applications for immigration benefits on January 8, 2025, almost one year prior to when the Defendant USCIS issued its policy memoranda which has unlawfully placed a hold on adjudication of applications such as those filed by the Plaintiffs. The Plaintiffs filed their applications well in advance of February 14, 2026, when Valentina Amaro Bowser's H-1B visa will expire and attended an interview in connection with those applications on January

9

7, 2026. The Plaintiffs relied on the Defendant USCIS to timely process their applications and but for the unlawful actions of the Defendants would now have been approved for the benefits as applied for. The Defendants unlawful actions in implementing a hold on adjudication of benefits such as visa petitions, applications to adjust status and employment authorization cards has caused the Plaintiffs severe emotional and financial harm.

20. The Defendant, USCIS, implemented a hold on adjudication of immigration benefits based on a Presidential Proclamation which targets the *entry* of individuals from various countries into the United States. The USCIS does not have authority under 8 U.S.C. § 1182(f) to place a hold on adjudication of benefits applications filed by individuals who are within the United States. The Plaintiff has lived and worked in the United States since 2013. As an individual who entered the United States long ago, has been vetted by the Department of State multiple times and who has been fingerprinted by the USCIS 3 times in connection with her pending applications, the Defendants' hold on adjudication of the Plaintiffs' applications for immigration benefits is not rationally related to any of the stated goals set forth in the Presidential Proclamations. The Plaintiff is not seeking to enter this country from abroad. Moreover, the Plaintiffs had a reasonable expectation that their applications would be adjudicated in a timely fashion by the USCIS and that Valentina Amaro Bowser's nationality could not be used against her when considering eligibility for the benefits she applied for.

21. Due to the unlawful actions of the Defendants in placing a hold on the Plaintiffs applications, they have no hope that their Forms I-130, I-485, and I-765 will be adjudicated at any time in the near future without court intervention as the USCIS Policy Memos cite no end date to the processing hold.  The processing time for the Form I-485 is currently posted by

USCIS at https://egov.uscis.gov/processing-times/ at 7.5 months. The Plaintiffs' Form I-485 has now been pending over one (1) year and the Plaintiffs were interviewed in connection with their applications. The only reason the applications were not approved is the unlawful processing hold implemented by the USCIS which is not related in any way to the Plaintiffs and their case.

22.     USCIS has no valid justification for placing a hold on the Plaintiffs' applications and for delaying its adjudication of the Plaintiff's Form I-485 which will permit her to continue working beyond February 14, 2026. The lengthy and unreasonable delays in the immigration process and the unlawful hold on adjudication of the Plaintiffs applications has created significant uncertainty and difficulties for the Plaintiffs.  The Defendants' hold on adjudication has deprived the Plaintiffs of the myriad of privileges that accompany full permanent resident status in the United States. *8 U.S.C. § 1186b*.  Upon expiration of Valentina Amaro Bowser's H-1B visa, she will have to cease working at her job with the Commonwealth of Massachusetts which will cause the Plaintiffs considerable financial harm.

23.     The Plaintiffs have no other adequate remedy available to them to seek adjudication of their Forms I-130. I-485 and/or I-765 other than filing the instant complaint.

## CAUSE OF ACTION

### COUNT ONE
### ADMINISTRATIVE PROCEDURE ACT
### (Against All Defendants)

24.     The Plaintiffs repeat and reallege the allegations in the previous paragraphs and incorporate them herein by reference.

25.     Section 555 of the APA commands administrative agencies to conclude matters presented to the agency for decision "within a reasonable time." *5 U.S.C. § 555(b)*("With due regard for the

convenience and necessity of the parties . . . and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it.") (emphasis added).

26. "Agency action" covered by the APA includes "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, *or failure to act." 5 U.S.C. § 551(13) (emphasis added).*

27. The APA explicitly provides a right of judicial review to a person "adversely affected or aggrieved" by an agency's "fail[ure] to act" or other such agency action. *5 U.S.C. § 702*.

28. When, as here, a proper showing is made, "[t]he reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed." *5 U.S.C. § 706(1)*. The court must also "hold unlawful and set aside agency action" that is: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;" "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;" or "without observance of procedure required by law." *5 U.S.C. § 706(1); § 706(2)(A), (C), (D)*.

29. USCIS, acting through Defendants, has a clear, mandatory duty to adjudicate applications such as those filed by the Plaintiffs and issue approvals when the requirements have been satisfied. The Plaintiffs complied with all the requirements for approval of their Forms I-130 and I-485 when they were filed in January, 2025. Since that time, USCIS has unreasonably withheld, and unlawfully and unreasonably delayed, acting on the Plaintiffs' applications due solely to arbitrary and capricious policy issued by the Defendants in violation of the INA and APA.

30. USCIS has abused its discretion and acted in an arbitrary and capricious manner by enacting unlawful policy and by failing to adjudicate the Plaintiffs' applications within a reasonable time. The Plaintiffs have a clear right to have their applications adjudicated and have

no other adequate legal remedy available to them other than this lawsuit. The Defendants' delay has deprived the Plaintiffs of the myriad of privileges that accompany full permanent resident status in the United States. *8 U.S.C. § 1186b.*

31. The Plaintiffs have no other adequate remedy available to them other than filing the instant Complaint. The Plaintiffs seek an order compelling USCIS to act, immediately upon entry of an order from this court, on their pending Forms I-130, I-485, and/or I-765, which have been and remain in a condition supporting immediate approval.

## COUNT TWO
### (APA – Arbitrary, Capricious, and Unlawful Final Agency Action)

32. The Plaintiffs repeat and reallege the allegations in the previous paragraphs and incorporate them herein by reference.

33. Under the APA, courts must set aside agency action "found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). An action is arbitrary and capricious if the agency "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 658 (2007) (*quoting Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

34. Defendants' policy to withhold adjudication of benefits applications for citizens of 39 countries is arbitrary, capricious, and contrary to law. The adjudication hold has established a mandatory USCIS policy, rescinded prior guidance, and created a new, formal process to not

adjudicate applications for all immigration benefits for noncitizens of 39 countries including Venezuela. The adjudication hold policy is final agency action reviewable under the APA.

35. The Plaintiffs seek an order declaring that Policy Alert PA-2025-26, Policy Memorandum PM-602-0192, and Policy Memorandum 602-0194 are arbitrary and capricious, contrary to law, and exceed Defendants' statutory authority.

## COUNT THREE
## (MANDAMUS ACT - Against All Defendants)

36. The Plaintiffs repeat and reallege the allegations in the previous paragraphs and incorporate them herein by reference.

37. The Plaintiffs seek a writ of mandamus to compel Defendants' officer(s) and/or employee(s) of the United States "to perform a duty owed to the plaintiffs." *28 U.S.C. § 1361*.

38. USCIS, acting through Defendants, has a mandatory duty to adjudicate the Plaintiffs' Forms I-130, I-485, and I-765 within a "reasonable time" under the INA and APA. The Defendants have unlawfully and unreasonably delayed adjudicating the Plaintiffs applications despite the Plaintiffs' applications being in a condition supporting immediate approval and despite the fact that the petitions have been pending longer than the time USCIS indicates it usually completes adjudication of such applications. Moreover, the adjudication hold placed by the Defendants on all applications for citizens of 39 countries including Venezuela is arbitrary and capricious, not rationally related to the Plaintiffs situation, and indicates no deadline for when the adjudication hold will be lifted. If the Court fails to compel the Defendants to adjudicate the Plaintiffs applications, they will remain in a state of limbo for an indefinite period of time and the Plaintiff, Valentina Amaro Bowser, will lose her job.

39.     The Plaintiffs seek an order compelling USCIS to adjudicate their Forms I-130, I-485, and/or I-765 without further delay and immediately upon entry of judgment in the Plaintiffs' favor.

## **PRAYERS FOR RELIEF**

WHEREFORE the Plaintiffs respectfully pray that this Honorable Court enter an order:

(a)     accepting jurisdiction over the subject matter in this action;

(b)     requiring Defendants to adjudicate the Plaintiffs' Forms I-30, I-485, and/or I-765 immediately upon entry of judgment in favor of the Plaintiffs;

(c)     declaring Defendants' unreasonable delay and failure to adjudicate the Plaintiffs' Forms I-130, I-485, and/or I-765 to be in direct violation of the Administrative Procedures Act, the Mandamus Act, and the Immigration Nationality Act;

(d)     declare that Policy Alert PA-2025-26, Policy Memorandum PM-602-0192, and Policy Memorandum 602-0194 are arbitrary and capricious, exceed Defendants' statutory authority, or are otherwise contrary to law or procedure;

(e)     set aside Policy Alert PA-2025-26, Policy Memorandum PM-602-0192, and Policy Memorandum 602-0194 and compel Defendants to apply the adjudicatory process, standards of review, and burdens of proof, in effect prior to the enactment of these policies to Plaintiffs applications;

(f)     awarding the Plaintiffs all costs and reasonable attorney's fees associated with this matter; and

(g)     granting such other relief at law and in equity as justice may require.

**Respectfully submitted,**

**Valentina Amaro Bowser and
Brandon Bowser**

**By their attorney,**


**/s/ Anthony Drago, Esq.**
**Anthony Drago, Esq. (BBO #552437)**
**Anthony Drago, Jr., P.C.**
**88 Broad Street – 5th Floor**
**Boston, MA 02110**
**(617) 357-0400**
**Anthony@adragopc.com**