## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

———————————————————————————— )
)
**VALENTINA AMARO BOWSER and** )
**BRANDON BOWSER,** )
    **Plaintiffs** )
**v.** )
) **C.A. No. 26-cv-10382-AK**
**KRISTI NOEM, Secretary, U.S. Department of Homeland** )
**Security; JOSEPH B. EDLOW, Director U.S. Citizenship and** )
**Immigration Services; JERRY SCOTT AMMONS, Field** )
**Office Director, U.S. Citizenship and Immigration Services,** )
**Boston Field Office; U.S. DEPARTMENT OF HOMELAND** )
**SECURITY; and U.S. CITIZENSHIP AND IMMIGRATION** )
**SERVICES,** )
    **Defendants.** )
———————————————————————————— )

## PLANTIFFS' MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR IMMEDIATE PRELIMINARY RELIEF

    The Plaintiffs, **Valentina Amaro Bowser and Brandon Bowser**, submit this Memo in support of their Emergency Motion for Preliminary Relief. The Plaintiffs state that the delay in adjudicating Forms I-130, I-485, and I-765 which are pending with the Defendant, U.S. Citizenship and Immigration Services (USCIS), is unreasonable and immediate relief is necessary in order for Valentina Amaro Bowser to remain employed in the United States. The Plaintiffs will suffer irreparable harm if their motion is not granted on an emergency basis. For the reasons stated below, the Plaintiffs request that this Honorable Court grant their motion and order the Defendants to adjudicate Valentina Amaro Bowser's pending application for an employment authorization document ("EAD") and issue her an EAD within 5-10 days from the date of the Court's order.

## FACTS

    The Plaintiff, Valentina Amaro Bowser, has studied, lived, and legally worked in this country since 2013. In 2013 she entered the United States with a valid F-1 visa to attend college

in Miami, Florida. In August, 2015, she transferred to Emerson College in Boston, MA. In May,

2018, the Plaintiff graduated from Emerson College with a Bachelor's Degree in Marketing and

Political Communications. At all times during her studies, the Plaintiff maintained valid F-1

student status. Subsequent to obtaining her Bachelor's Degree, the Plaintiff applied for Post

Graduation Optional Practical Training and was granted an EAD valid from July 9, 2018 through

July 8, 2019. While working with her employment authorization card, the Plaintiff's then

employer entered her into the H-1B visa lottery and she was picked for adjudication. *Complaint*

*¶ 9.*

        After being picked for adjudication in the H-1B visa lottery, the Plaintiff applied for an

H-1B visa and was approved for the period from October 1, 2019 through August 8, 2022. Prior

to expiration of her H-1B visa status, the Plaintiff's employer filed an application to extend her

H-1B visa which was approved for the period August 9, 2022 through August 8, 2025. During

the period of time while in valid H-1B status, the Plaintiff worked for Archipelago Strategies

Group, Inc. located in Boston, Massachusetts in the positions of  Director of Communications,

Senior Communications and Community Engagement Manager, and Community Engagement

Coordinator. In 2023 the Plaintiff received an offer to work for the Commonwealth of

Massachusetts as Media Director, a position perfectly suited to her Bachelor's Degree and work

experience. The Commonwealth filed an application for an H-1B visa to allow the Plaintiff to

change employers and continue to work legally with an H-1B visa. That petition was approved

with validity dates of March 10, 2023 through December 11, 2025. Upon approval of the

petition, the Plaintiff went to work for the Commonwealth of Massachusetts where she continues

to be employed. On December 10, 2025, the Commonwealth of Massachusetts filed a petition for

the Plaintiff in order to extend her H-1B visa by recapturing all possible time available for her to

continue working in valid H-1B status. The Plaintiff is permitted to continue working for the Commonwealth while her extension request is pending, but her period of authorized employment in the H-1B visa category will expire on February 14, 2026. Without employment authorization or lawful permanent residence, the Plaintiff cannot work beyond that date. *Complaint ¶ 10.*

During the time from 2013, when she entered the United States to attend college, through December, 2025, the Plaintiff traveled outside the United States, applied for and obtained F-1 and H-1B visas at different U.S. Consulates, all of which were approved, and entered this country on each occasion without issue. All told, the Plaintiff has been granted two (2) F-1 visas and two (2) H-1B visas by the U.S. Department of State and has never violated the terms of any visa she properly obtained. The Plaintiff has never been arrested or charged with a crime anywhere in the world and has been a model non-citizen who complied in all respects with U.S. Immigration laws. *Complaint ¶ 11.*

On November 29, 2024, the Plaintiffs married in Boston, Massachusetts. Based on her marriage to a U.S. Citizen and her legal entry to this country, the Plaintiff was eligible to apply for her residence. *8 U.S.C. § 1255(a).* On January 8, 2025, the Plaintiff, Brandon Bowser, filed his visa petition on Form I-130 for his wife and Valentina Amaro Bowser applied for her residence on Form I-485. *Complaint Exhibit A.* On July 10, 2025, November 6, 2025, and again on November 26, 2025, the Defendant, USCIS, fingerprinted the Plaintiff in connection with her pending Form I-485. *Complaint Exhibit B.* Based on processing times for the I-130 and I-485 at the time the Plaintiffs filed their applications they had no reason to believe their case would not be adjudicated by the time the Plaintiff's authorization to work would expire. However, in addition to filing the application to extend her H-1B visa, on December 11, 2025, the Plaintiff filed an application for Employment Authorization on Form I-765. *Complaint Exhibit C.* The

3

Plaintiff filed those applications to ensure compliance with the Immigration and Nationality Act and to prevent a gap in her employment. *Complaint ¶ 12.*

By notice dated December 3, 2025, the Defendant USCIS sent the Plaintiffs notice that they were scheduled for an interview in connection with their pending Forms I-130 and I-485 at the USCIS Boston Field Office. *Complaint Exhibit D.* On January 7, 2026 the Plaintiffs and their attorney attended an interview at the USCIS Boston Field Office in connection with their pending applications. Although there were no issues with the interview, the USCIS officer was not permitted to approve any of the Plaintiffs' applications due to the unlawful hold the agency has on adjudication of all benefit applications filed by citizens of 39 countries, one of which is Venezuela. *Complaint ¶ 13.*

As of January, 2026, USCIS indicates the processing times for Form I-485 is 7.5  months. *Complaint Exhibit E*. The Plaintiffs waited over 12 months to be interviewed in connection with their applications only to learn that the USCIS could not adjudicate the applications because of an unlawful hold on applications from citizens of 39 countries, including Venezuela.  The Plaintiffs filed their applications eleven (11) months prior to the Defendants unlawful hold on adjudications of benefits applications such as those filed by the Plaintiffs. *Complaint ¶ 14.*

On December 2, 2025, the Defendant, USCIS, issued a new Policy Memorandum (PM-602-0192) which amongst other things, places a hold on pending benefit requests for non-citizens from countries listed in Presidential Proclamation 10949. The hold on benefits initiated in PM-602-0192 applies to citizens of Venezuela and does not list a deadline on the hold period. *Complaint ¶ 17.*  On January 1, 2026, the Defendant, USCIS, issued a new Policy Memorandum (PM-602-0194) which expanded the list of countries subject to the adjudication hold for those

listed in Presidential Proclamation 10998. PM-602-0194 includes a list of exceptions to the adjudicative hold on benefits, but none of the exceptions apply to the Plaintiffs'. *Complaint ¶ 18.*

The Plaintiffs filed their applications for immigration benefits on January 8, 2025, almost one year prior to when the Defendant USCIS issued its policy memoranda which has unlawfully placed a hold on adjudication of applications such as those filed by the Plaintiffs. The Plaintiffs filed their applications well in advance of February 14, 2026, when Valentina Amaro Bowser's H-1B visa will expire, and attended an interview in connection with those applications on January 7, 2026. The Plaintiffs relied on the Defendant USCIS to timely process their applications and but for the unlawful actions of the Defendants would now have been approved for the benefits as applied for. The Defendants unlawful actions in implementing a hold on adjudication of benefits such as visa petitions, applications to adjust status and employment authorization cards has caused the Plaintiffs severe emotional and financial harm. *Complaint ¶ 19.*

The Defendants initiated arbitrary and capricious policy to pause adjudication of benefits applications for citizens of 39 countries, well after the Plaintiffs applied for residence based on their marriage. This drastic change in policy has created unnecessary and unreasonable delays in producing EAD cards and approval of properly applied for immigration benefits.

If the Plaintiff does not at least obtain an employment authorization card by February 28, 2026 she will permanently lose her job. *See Plaintiff's Affidavit.* The Plaintiff paid all required fees for her application to adjust status and to obtain her EAD card and has complied in all respects with the Immigration and Nationality Act regarding the application process. The processing hold on benefit applications has no stated end date. Without any other available recourse, the Plaintiffs filed this action to seek approval of their long pending applications.

Because Valentina Amaro Bowser cannot work beyond February 14, 2026 and will permanently lose her job on February 28, 2026, she now seeks preliminary relief on an emergency basis to obtain her EAD in order to prevent further financial damage to both Plaintiffs.

## ARGUMENT

**I.      The Defendants Policy to Place a Hold on Benefits Adjudication is Arbitrary and Capricious.**

In this case the Plaintiffs challenge three USCIS policies, two of which have placed a hold on adjudication of benefits applications filed by citizens of 39 countries, one of which is Venezuela. The Plaintiff, Valencia Amaro Bowser, is a native and citizen of Venezuela. But for the arbitrary and capricious USCIS policy, the Plaintiffs would not have required this litigation or the preliminary relief sought in their motion.

There can be no dispute about the Defendants policies, they exist and are being enforced by the Defendants. On December 2, 2025, the Defendant, USCIS, issued a Policy Memorandum (PM-602-0192) which amongst other things, places a hold on pending benefit requests for non-citizens from countries listed in PP 10949. The hold on benefits initiated in PM-602-0192 applies to citizens of Venezuela and does not list a deadline on the hold period.

https://www.uscis.gov/sites/default/files/document/policy-alerts/PM-602-0192-PendingApplicationsHighRiskCountries-20251202.pdf. PM -602-0192 was implemented in response to President Trump's June 4, 2025 Proclamation 10949 (PP 10949) entitled "Restricting the Entry of Foreign Nationals to Protect the United States from Foreign Terrorists and Other National Security and Public Safety Threats." *See 90 FR 24497 (June 4, 2025)* at

https://www.federalregister.gov/documents/2025/06/10/2025-10669/restricting-the-entry-of-

foreign-nationals-to-protect-the-united-states-from-foreign-terrorists-and.[1] The President

initiated PP 10949 pursuant to his authority in 8 U.S.C. § 1182(f)  to prevent the *entry* or

admission of foreign nationals about whom the United States Government lacks sufficient

information to assess the risks they pose to the United States.

On January 1, 2026, the Defendant, USCIS, issued another Policy Memorandum (PM-

602-0194) which expanded the list of countries subject to the adjudication hold for those listed in

PP 10949. PM-602-0194 includes a list of exceptions to the adjudicative hold on benefits, but

none of the exceptions apply to the Plaintiffs'.

https://www.uscis.gov/sites/default/files/document/policy-alerts/PM-602-0194-

PendingApplicationsAdditionalHighRiskCountries-20260101.pdf. PM-602-0194 was

implemented in response to President Trump's December 19, 2025 Proclamation 10998 (PP

10998) entitled "Restricting and Limiting the Entry of Foreign Nationals to Protect the Security

of the United States." *See 90 FR 59717 (December 19, 2025)* at

https://www.federalregister.gov/documents/2025/12/19/2025-23570/restricting-and-limiting-the-

entry-of-foreign-nationals-to-protect-the-security-of-the-united-states#print.[2] Similar to PP

10949, the President initiated PP 10998 pursuant to his authority in 8 U.S.C. § 1182(f) to restrict

and limit the *entry* or admission of foreign nationals to this country.

---

[1]   PM-602-0192 clearly states on page 2, "USCIS has determined that it must implement an
adjudicative hold on all pending asylum applications, regardless of the alien's country of
nationality, as well as pending benefits requests filed by aliens from high-risk countries outlined
in PP 10949."

[2]   PM-602-0194 clearly states on page 3, "USCIS will place an adjudicative hold on all pending
benefits requests submitted by or for aliens from the high-risk countries identified in PP 10998,
allowing for a thorough case-by-case review."

8 U.S.C. § 1182(f) clearly permits the President to suspend or restrict the entry of foreign nationals from various countries deemed to be detrimental to the interests of the United States. However, this statute addresses the entry of foreign nationals, not the treatment of individuals within the United States who legally apply for immigration benefits. The USCIS policies have no rational relationship to the Plaintiff's immigration case. Since Valentina Amaro Bowser has been in the United States for well over a decade and has been vetted by the government on multiple occasions, the adjudication hold on her pending benefit applications is arbitrary and capricious. For all the reasons set forth below, the motion for preliminary relief should be granted.

## II.    The Legal Standard for Preliminary Injunction.

In order to obtain preliminary relief, a Plaintiff must prove: (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, ie., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest. *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15 (1st Cir. 1996). The moving party must satisfy each of these elements. *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003). When analyzing the four elements of injunctive relief courts consider the likelihood of success on the merits as the most important factor. *See Corp. Techs., Inc. v. Harnett*, 731 F.3d 6, 10 (1st Cir. 2013); *Arborjet, Inc. v. Rainbow Treecare Sci. Advancements*, Inc., 793 F.3d 168 173 (1st Cir. 2015); *Parzeen Partners, LLC v. Baran*, Civil Action No. 19-cv-11515-ADB (D. Mass. Nov., 2019). The Plaintiff should prevail on his motion because they meet each of the four elements for injunctive relief.

**A.      The Plaintiffs are Likely to Succeed on the Merits.**

As set forth above and in the facts section, the Plaintiffs' applied for immigration benefits well in advance of the USCIS policy to place a hold on benefits adjudications. Furthermore, the USCIS policies were enacted in response to Presidential Proclamations implemented to limit or restrict the entry to the United States of foreign nationals from various countries. The Presidential Proclamations do not, nor can they, restrict benefits sought by individuals inside the United States who applied for such benefits well in advance of the Presidential Proclamations. The USCIS policies are arbitrary and capricious and have no rational relationship to the Plaintiff, Valentina Amaro Bowser.

The Plaintiffs filed this action under the Administrative Procedures Act (APA) and the Mandamus Act to compel the Defendants to adjudicate his pending applications. This Court has jurisdiction to review all claims asserted by the Plaintiffs under both the APA and the Mandamus Act which authorize this Court to review the agency's failure to act on the Plaintiffs' pending applications and order the Defendant, USCIS, to adjudicate them. *See 5 U.S.C. § 555(b); 5 U.S.C. § 706; and 28 U.S.C. § 1361.*

The Administrative Procedure Act ("APA") imposes a duty on an agency to "conclude a matter presented to it" within "a reasonable time." *5 U.S.C. § 555(b).* A reviewing court "shall…compel agency action unlawfully withheld or unreasonably delayed." *5 U.S.C. § 706 (2018)*; *see also* 5 U.S.C. §§ 702, 706 (2018). Under the APA, courts must set aside agency action "found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). An action is arbitrary and capricious if the agency "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed

to a difference in view or the product of agency expertise." *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 658 (2007) (*quoting Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

The Mandamus Act empowers this court to compel an officer of the United States to perform a duty he or she is required to do. *28 U.S.C. § 1361*. A writ of mandamus is appropriate when "(1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available." *Estate of Michael ex rel. Michael v. Lullo*, 173 F.3d 503, 512-13 (4th Cir. 1999) (citation omitted). All the elements are satisfied when an agency fails to decide applications such as those properly filed by the Plaintiff.

Since the Plaintiff properly filed Forms I-130, I-485 and I-765 and paid the required fees for each form, the USCIS has a nondiscretionary duty to act on them. *Litvin v. Chertoff*, 586 F.Supp. 2d 9, 11 (D. Mass. 2008); *Abdi v. Chertoff*, 589 F.Supp.2d 120, 121 (D. Mass. 2008). Thus, the only issue for the court to review in terms of whether the Plaintiff is likely to succeed on the merits of their claim is whether the USCIS's arbitrary hold on adjudication of benefits applications is arbitrary and capricious, which it is. Moreover, the delay in adjudication is also "unreasonable." *Tan v. Chertoff*, 493 F.Supp.2d 148, 155-156 (D. Mass. 2007). Clearly, the adjudication hold with no end in sight is not only arbitrary and capricious, it is unreasonable and cannot be justified. More importantly, given the severity of the damage to the Plaintiffs caused by the USCIS's failure to act on their applications, the need for preliminary relief is now critical.

In order to avoid a lapse in her employment, which is set to be terminated on February 28, 2026, the Plaintiff, Valentina Amaro Bowser, requires an employment authorization card. Because the adjudication hold and the unreasonable delay by the USCIS in the adjudication

process of the Plaintiffs' applications is arbitrary and capricious and unreasonable, the Plaintiffs

have shown a likelihood of success on the merits of their claim.

**B.**     **The Plaintiff will suffer irreparable harm if the injunction is denied.**

The harm to the Plaintiffs due to the Defendants' unlawful adjudication hold and failure

to adjudicate their pending applications and, at the very least produce an EAD card, is more than

just financial. *See Plaintiff's Affidavit.* The Plaintiff, Valentina Amaro Bowere, cannot work in

this country without an EAD or lawful permanent residence. Her employment will be terminated

on February 28th if she does not obtain either an EAD card or her lawful permanent residence.

*See Plaintiff's Affidavit.* Given the current economic situation in this country it is highly unlikely

the Plaintiff will find employment equal to her current job. In fact, until such time as she receives

an EAD, the Plaintiff cannot work for any employer.

Even if her employer paid her for time lost on the job, which it won't, the loss of

economic stability plus the prospect of living in this country without employment while her

husband works to support them shows that there is no adequate remedy at law other than the

relief requested in the Plaintiff's motion. *See Ross-Simons of Warwick, Inc.*, 102 F.3d at 18 ("It is

usually enough if the plaintiff shows that its legal remedies are inadequate."). If the relief

requested is not granted prior to February 28th, the Plaintiffs will suffer irreparable harm. For

this reason, the court should grant the Plaintiffs' motion.

**C.**     **The Hardship to the Plaintiff far outweighs any potential hardship to the
          Defendants if Preliminary Relief is not granted.**

The financial and emotional hardship to the Plaintiffs if injunctive relief is not granted is

obvious and well documented in their motion and the Plaintiff's Affidavit. If relief is not granted

on an emergency basis, more than just losing her current job, the Plaintiff may not be able to find

any other job due to the current economic situation. The hardship to the Plaintiffs will be devastating.

Unlike the Plaintiffs, the Defendants in this case will suffer no damage by acting on the Plaintiffs' pending applications and/or approving an EAD which the USCIS is obligated to do at some point. In addition to the fact that the delay by the USCIS is unreasonable, the agency cannot assert it will in any way be harmed if the court orders preliminary relief. At this point in the case, the only delay in the process to finalize all applications filed by the Plaintiffs is the unlawful pause on benefits adjudications for citizens of many countries. However, that hold on benefits adjudication in no way relates to the Plaintiff or her situation. The only reason for the hold on the Plaintiffs' applications is the fact that Valentina Amaro Bowser is a native and citizen of Venezuela. Therefore, the only way to obtain the necessary relief requested by the Plaintiffs is for the court to order the Defendants to at least approve her application for employment authorization and issue her EAD to temporarily prevent further damage to the Plaintiffs. The harm to the Plaintiffs versus any potential hardship to the USCIS in this case are not comparable. For this reason, the court should grant the Plaintiff's motion.

**D.      The Public Interest can only be served if the Court grants Preliminary Relief.**

People who live in the United States need to work to survive. In this case, the Plaintiff Valentina Amaro Bowser, has excellent employment with the Commonwealth of Massachusetts. If preliminary relief is not granted in this case, the Plaintiff will lose her job which serves no useful purpose. In fact, loss of income and employment to the Plaintiff is antithesis to the public interest of keeping people employed so they can support themselves. The Plaintiff has enjoyed consistent and legal employment in this country since July, 2018. She legally entered the United States and worked only when authorized to do so. If preliminary relief is not granted as requested

herein, the Plaintiff will lose her job permanently and the likelihood of replacing either her level of employment in an organization or with the government is slim to none. Thus, the public interest can only be served if the relief requested herein is granted and the USCIS issues the Plaintiff an EAD prior to February 28th. Accordingly, the Plaintiffs' request for preliminary relief should be granted.

## CONCLUSION

For the reasons stated herein, the Plaintiffs request this Honorable Court to grant their motion for preliminary relief on an emergency basis and enter the following order: (a) accepting jurisdiction over this matter; and (b) requiring Defendants to adjudicate Valentina Amaro Bowser's application for employment authorization (Form I-765) immediately and further requiring the Defendant, USCIS, to issue her an EAD card within 5-10 days from the date of this Court's order.

**Respectfully submitted,**

**Valentina Amaro Bowser and Brandon Bowser**
**By their attorney,**

**/s/ Anthony Drago, Esq.**
**Anthony Drago, Esq. (BBO #552437)**
**Anthony Drago, Jr., P.C.**
**88 Broad Street – 5th Floor**
**Boston, MA 02110**
**(617) 357-0400**
**Anthony@adragopc.com**

13

## <u>CERTIFICATE OF SERVICE</u>

I, Anthony Drago, Esq. do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 6, 2026.


 /s/ Anthony Drago, Esq._____
Attorney for Plaintiffs