UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| VALENTINA AMARO BOWSER and BRANDON BOWSER, <br>     Plaintiffs <br> v. <br><br> KRISTI NOEM, Secretary, U.S. Department of Homeland Security; JOSEPH B. EDLOW, Director U.S. Citizenship and Immigration Services; JERRY SCOTT AMMONS, Field Office Director, U.S. Citizenship and Immigration Services, Boston Field Office; U.S. DEPARTMENT OF HOMELAND SECURITY; and U.S. CITIZENSHIP AND IMMIGRATION SERVICES, <br>     Defendants. | C.A. No. 26-cv-10382-AK |

## PLANTIFFS' REPLY TO DEFENDANTS' OPPOSITON TO EMERGENCY MOTION FOR IMMEDIATE PRELIMINARY RELIEF

The Plaintiffs, **Valentina Amaro Bowser and Brandon Bowser**, submit this Memo in reply to the Defendants' Opposition to their Emergency Motion for Preliminary Relief. In this memo, the Plaintiffs address the issues raised by the Defendants that the Court lacks jurisdiction over the Plaintiffs' claims. Specifically, the Plaintiffs will address and refute the Defendants' claims that the USCIS policy to hold benefits adjudications, such as those benefits sought by the Plaintiffs, is not a final agency action and that the Court lacks jurisdiction over actions taken by the Defendants alleged to be discretionary. For the purpose of this reply, the Plaintiffs do not repeat the facts as alleged both in the Complaint or their motion as the Defendants have not contested any factual allegations.

## ARGUMENT

**I.    The Defendants Policy to Place a Hold on Benefits Adjudication is a final agency action.**

Agency action is final when it, "mark[s] the consummation of the agency's decision-

making process, it must not be of a merely tentative or interlocutory nature. And [second], the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Bennett v. Spear*, 520 U.S. 154, 177–178 (1997); *Harper v. Werfel*, 118 F.4th 100, 116 (1st Cir. 2024). The Defendants claim that the USCIS policy memo are "interim guidance" and "expressly contemplate further action" rings hollow. *See Defendants' Opposition at page 6*. The USCIS policy memoranda are, in fact, a final agency action and there is nothing tentative or interlocutory in their nature.

The USCIS policy memoranda have very specific criteria: (1) they identify the countries to which they apply; (2) they direct the agency to withhold final adjudications on specific benefits as applied for by citizens of the specified countries; and (3) they state they can only be modified by the USCIS through a subsequent memorandum from the Defendant, Joseph B. Edlow, which has no specific deadline listed. *See PM-602-0192* at https://www.uscis.gov/sites/default/files/document/policy-alerts/PM-602-0192-PendingApplicationsHighRiskCountries-20251202.pdf. The fact that USCIS says it, "will review current operations and issue operational guidance within 90 days" does not render the current policy interlocutory. Agencies routinely state that they will continue to "review" policies. Such review in the unforeseeable future does not negate the finality of the policy that is already in effect. Under *Bennett*, an action can be final even when the action may be revisited. *Bennett,* 520 U.S. at 178. Finality requires only that the agency has completed its decision making on the matter for now and that is what has occurred in this case.

Courts have repeatedly rejected the idea that an agency action is nonfinal simply because it may later be revised. *Sackett v. EPA*, 566 U.S. 120, 127 (2012) ("The mere possibility that an agency might reconsider in light of "informal discussion" and invited contentions of inaccuracy

does not suffice to make an otherwise final agency action nonfinal."); *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 598 (2016) (jurisdictional determination final because it had "direct and appreciable legal consequences" even though the Corps could later change its view). Furthermore, an agency cannot exempt itself from APA review merely by labeling its policy interim "guidance." *Appalachian Power Co. v. E.P.A.*, 208 F.3d 1015, 1020-1023 (D.C. Cir. 2000). "The fact that a law may be altered in the future has nothing to do with whether it is subject to judicial review at the moment." *Id.* at 1022. USCIS review of the policy memo at some unspecified future date in no way means the policy are not now a final agency action.

      Moreover, the Defendants claim that "no rights or obligations flow from this "pause" on adjudications misstates the consequences to the Plaintiffs. Prior to the policy change all of the Plaintiffs benefits applications would have been finally adjudicated and this litigation unnecessary. *See Complaint ¶ 19*. Due solely to the benefits adjudication hold, the Plaintiffs had to file this lawsuit because they categorically cannot receive a final decision on any of their applications and Valentina Bowser cannot lawfully work for an indefinite period, only because of her country of origin. These are the type of legal consequences contemplated in *Bennett*.

      There can be no dispute about the Defendants policies, they exist and are being enforced by the Defendants. Under the USCIS policy the Plaintiffs are absolutely precluded from any immigration benefit they have lawfully pursued. That decision by the USCIS has severe legal consequences and that determination is a final agency action which is reviewable under the APA. If the Defendants' claim about the finality of the policy memos is accepted as correct, there would never be final agency action so long as the government claims it may change its policy in the future. For these reasons, the Court has jurisdiction over the Plaintiffs' claim for preliminary relief.

## II.     8 U.S.C. Section 1252(a)(2)(B)(ii) does not bar jurisdiction.

"Under 8 U.S.C. § 1252(a)(2)(B)(ii), '[n]o court shall have jurisdiction to review— . . . any other decision or action of the Attorney General or the Secretary of Homeland Security' the authority for which is committed to their discretion." *Patel v. Jaddou*, 695 F.Supp.3d 158, 168 (D. Mass. 2023). Accordingly, the Defendants claim that the court cannot review their decision to not grant the Plaintiff, Valentina Amaro Bowser, employment authorization because they allege the decision of whether or not to grant employment authorization by the USCIS is itself a discretionary decision. *See Defendants Opposition at page 8*. On this issue the Defendants miss the point and blindly ignore the Plaintiffs' claims.

The Plaintiffs have not in any way challenged a discretionary decision to grant or deny Valentina Amaro Bowser employment authorization. What they do challenge is the arbitrary and capricious policy memoranda that completely prevent the USCIS from acting in any way on the Plaintiff's application. These type challenges are permitted under the APA.

There is no discretion involved in the Defendants decision to follow its policy and there has been no discretionary decision to either grant or deny the Plaintiff's application for employment authorization. What there has been on the part of the Defendants is the creation of policy memoranda out of line with the Presidential Proclamations they pretend to implement which have completely halted benefits adjudications for citizens of many countries. It is the USCIS policy which the Plaintiffs challenge, not the decision of whether or not to grant the Plaintiff employment authorization. The basis for the preliminary relief is to provide some relief to prevent the Plaintiffs from further damage to their lives created solely by the USCIS policy to hold benefits adjudications. This Court has jurisdiction to review those claims and to order preliminary relief based upon all factors presented by the Plaintiffs in their motion.

## CONCLUSION

For the above states reasons this Honorable Court has jurisdiction over the claims raised by the Plaintiffs in their motion for preliminary relief.

**Respectfully submitted,**

**Valentina Amaro Bowser and Brandon Bowser**
**By their attorney,**


**/s/ Anthony Drago, Esq.**
**Anthony Drago, Esq. (BBO #552437)**
**Anthony Drago, Jr., P.C.**
**88 Broad Street – 5th Floor**
**Boston, MA 02110**
**(617) 357-0400**
**Anthony@adragopc.com**


## CERTIFICATE OF SERVICE

I, Anthony Drago, Esq. do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 20 2026.

       /s/ Anthony Drago, Esq.
       Attorney for Plaintiffs