**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| VALENTINA AMARO BOWSER and BRANDON BOWSER, Plaintiffs v. KRISTI NOEM, Secretary, U.S. Department of Homeland Security; JOSEPH B. EDLOW, Director U.S. Citizenship and Immigration Services; JERRY SCOTT AMMONS, Field Office Director, U.S. Citizenship and Immigration Services, Boston Field Office; U.S. DEPARTMENT OF HOMELAND SECURITY; and U.S. CITIZENSHIP AND IMMIGRATION SERVICES, Defendants. | C.A. No. 26-cv-10382-AK |

**PLANTIFFS' MEMORANDUM IN OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS AND IN SUPPORT OF THEIR CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS**

**INTRODUCTION**

The Plaintiffs, Valentina Amaro Bowser and Brandon Bowser, submit this Memo in Opposition to the Defendants' Motion to Dismiss and in support of their Cross Motion for Judgment on the Pleadings. The Plaintiffs state that the Defendants unlawful policies to hold adjudication of benefits applications filed by citizens of 39 countries are arbitrary and capricious. Furthermore, the delay in adjudicating Valentina Amaro Bowser's application to adjust status on Form I-485 is unreasonable and subject to judicial review. For the reasons stated below, the Defendants' motion to dismiss should be denied and the Plaintiffs' cross motion should be granted. Accordingly, the Defendants should be ordered to adjudicate Ms. Amaro Bowser's application to adjust status immediately.

**FACTS**

The Plaintiff, Valentina Amaro Bowser, a native and citizen of Venezuela, has studied,

lived, and legally worked in this country since 2013. *Complaint ¶ 9.* During the time from 2013, when she entered the United States to attend college, through December, 2025, the Plaintiff traveled outside the United States, applied for and obtained F-1 and H-1B visas at different U.S. Consulates and entered this country on each occasion without issue. All told, Ms. Amaro Bowser has been granted two (2) F-1 visas and two (2) H-1B visas by the U.S. Department of State and has never violated the terms of any visa she properly obtained. She has never been arrested or charged with a crime anywhere in the world and has been a model non-citizen who complied in all respects with U.S. Immigration laws. *Complaint ¶ 11.*

On November 29, 2024, the Plaintiffs married in Boston, Massachusetts. On January 8, 2025, the Plaintiff, Brandon Bowser, filed his visa petition on Form I-130 for his wife and Ms. Amaro Bowser applied for her residence on Form I-485. *Complaint ¶ 12, Exhibit A.* On July 10, 2025, November 6, 2025, and again on November 26, 2025, the Defendant, USCIS, fingerprinted Ms. Amaro Bowser in connection with her pending Form I-485. *Complaint ¶ 12, Exhibit B.* On December 11, 2025, Ms. Amaro Bowser filed an application for Employment Authorization (EAD) on Form I-765. *Complaint ¶ 12, Exhibit C.*

On January 7, 2026 the Plaintiffs and their attorney attended an interview at the USCIS Boston Field Office in connection with their pending applications. Although there were no issues with the interview, the USCIS officer was not permitted to approve any of the Plaintiffs' applications due to the unlawful hold the agency has on adjudication of all benefit applications filed by citizens of 39 countries, one of which is Venezuela. *Complaint ¶ 13.* On January 27, 2026, left without options to finalize their immigration process, the Plaintiffs filed this action.

On February 6, 2026, the Plaintiffs filed for preliminary relief in order to seek adjudication of Valentina Amaro Bowser's Form I-765. Despite the Defendants vigorous

opposition, the Court ruled that the adjudication hold is a final agency action and ordered the Defendants to adjudicate the I-765. *Amaro Bowser, et al. v. Noem, et al.*, No. 26-cv-10382-AK, 2026 WL 555624, at *6, 10 (D. Mass. Feb. 27, 2026).

Subsequent to issuance of the Court's Memorandum and Order, Valentina Amaro Bowser obtained her EAD card and has since gone back to work for the Commonwealth of Massachusetts. Prior to filing its Motion to Dismiss, the Defendant USCIS approved Brandon Bowser's Form I-130 visa petition. Notably, it was not until litigation was filed and the Court ordered adjudication of the I-765 that the USCIS finally took action on the application. It is axiomatic that the USCIS would not have approved Brandon Bowser's Form I-130 but for this litigation.

Despite approving the Plaintiffs marriage as bona fide and conducting a full interview of both Plaintiffs, the Defendants have refused to adjudicate Valentina Amaro Bowser's Form I-485, application to adjust status, choosing rather to seek dismissal of the complaint. The Defendants actions are consistent with their defense of the unlawful adjudication hold policies which courts nation-wide have held to be arbitrary and capricious. All arguments in the Defendants' motion to dismiss should be rejected.

**THE UNLAWFUL POLICIES CHALLENGED BY THE PLAINTIFFS**

The Defendants unlawful policies to hold benefits adjudication for citizens of 39 countries are the sole reason why Valentina Amaro Bowser is not now a lawful permanent resident of the United States. On December 2, 2025, the Defendant, USCIS, issued a Policy Memorandum (PM-602-0192) which amongst other things, places a hold on pending benefit requests for non-citizens from countries listed in Presidential Proclamation 10949. The hold on benefits initiated in PM-602-0192 applies to citizens of Venezuela and does not list a deadline on

3

the hold period. *Complaint ¶ 17.* On January 1, 2026, the Defendant, USCIS, issued a new

Policy Memorandum (PM-602-0194) which expanded the list of countries subject to the

adjudication hold for those listed in Presidential Proclamation 10998. PM-602-0194 includes a

list of exceptions to the adjudicative hold on benefits, but none of the exceptions apply to the

Plaintiffs'. *Complaint ¶ 18.*

The Defendants initiated their arbitrary and capricious policies to hold adjudication of

benefits applications for citizens of 39 countries well after the Plaintiffs applied for residence

based on their marriage. This drastic change in policy has created unnecessary and unreasonable

delays on approvals of properly applied for immigration benefits. Specifically, the hold prohibits

USCIS from finally adjudicating immigration benefits for citizens of the 39 countries.

Applications subject to the hold cannot be adjudicated by USCIS regardless of how long they

have been pending and the processing hold on benefit applications has no stated end date.

Subsequent to December 2, 2025, the Defendants have not issued any policy to lift the

adjudication hold on applications to adjust status. Nation-wide litigation has ensued and no court

has held the adjudication hold to be lawful. In fact, by decision dated June 5, 2026, the District

Court of Rhode Island summed up the Defendants' unlawful policies in two simple paragraphs.

> Indeed, the agency has violated the very immigration laws that Congress has
> charged it with administering, as well as the administrative laws that govern
> the agency's actions. In enacting its latest immigration policies, USCIS:
> claims statutory and regulatory authority that it does not possess; makes
> decisions without the reasoned explanations that it must provide; acts without
> regard for the reliance interests of applicants that it must consider; and
> justifies its actions with pretextual concerns of "national security" that mask
> anti-immigrant sentiments that it is forbidden from letting influence its
> decision-making. In legal terms that means USCIS's actions are contrary to
> law and arbitrary and capricious.
>
> Accordingly, as set forth below, each of the Challenged Policies that USCIS
> enacted—the Benefits Hold Policy, the Global Asylum Hold Policy, the

Comprehensive Re-Review Policy, and the Country-Specific Factors Policy—
are declared unlawful and are vacated and set aside.

*Dorcas International Institute of Rhode Island, et al. v. USCIS, et al.,* No. 26-cv-00132-JJM-

PAS, 2026 WL 1622708, at *1-2 (D. Rhode Island June 5, 2026). The District Court of Rhode

Island was correct in its assessment of the Defendants' unlawful policies. There is no reason for

this Honorable Court to hold otherwise.

## **ARGUMENT**

**I.    The Legal Standard for Motion to Dismiss and Review under the Administrative
Procedure Act.**

### **A.  Motion to Dismiss.**

When assessing whether a complaint states a claim for relief, courts accept as true all

well-pleaded facts in the complaint and draw all reasonable inferences in the light most favorable

to the plaintiff. *Nisselson v. Lernout*, 469 F.3d 143, 150 (1st Cir. 2006); *United States ex rel.*

*Hutcheson v. Blackstone Med., Inc.*, 647 F.3d 377, 383 (1st Cir. 2011). A complaint must contain

sufficient factual material to state a claim for relief that is "plausible on its face." *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint "does not need detailed factual allegations"

but the "[f]actual allegations must be enough to raise a right to relief above the speculative

level." *Id*. 550 U.S. at 555. Dismissal is appropriate only when the complaint fails to allege a

"plausible entitlement to relief." *Rodriguez-Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir.

2007) (quoting Twombly, 550 U.S. at 559).

The Plaintiffs oppose the Defendants' Motion to Dismiss. They have also filed a Cross

Motion for Judgment on the Pleadings pursuant to F.R.C.P. 12(c). The Plaintiffs have clearly

articulated a claim for relief and there are no facts in dispute.  Thus, judgment on the Pleadings is

an appropriate resolution.

**B. Judicial Review under the APA.**

This case involves claims under the Administrative Procedure Act (APA). The APA provides a cause of action for judicial review of agency action where a person has suffered a "legal wrong" or been "adversely affected or aggrieved by" agency action. *5 U.S.C. § 702*. In this case, the Defendants have unlawfully withheld adjudication of Ms. Amaro Bowser's application to adjust status solely because she is a native and citizen of Venezuela.

The APA allows federal courts to set aside final actions of governmental agencies that are, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *5 U.S.C. § 706(2)(A)*. An agency action is arbitrary and capricious if the agency, "has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 658 (2007) (*quoting Motor Vehicle Manufacturers Association of the United States v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

Judicial review under the APA is generally limited to the agency's administrative record. *Ore v. Clinton,* 675 F.Supp.2d 217, 224 (D. Mass. 2009). Review under the APA standard is narrow and the court should uphold an agency decision if supported by a rational basis. *River Street Donuts, LLC v. Napolitano*, 558 F.3d 111 (1st Cir. 2009). However, an agency is required to examine, "the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs. Ass'n of the U.S.,* 463 U.S. at 43.

District Courts review APA challenges to agency decisions in order to determine, "whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Wilhelmus v. Geren*, 796 F. Supp. 2d 157, 160 (D.D.C. 2011) *citing Sierra Club v. Mainella*, 459 F. Supp. 2d 76, 90 (D.D.C. 2006). As set forth below, the Defendants hold on benefits adjudications for citizens of 39 countries is arbitrary and capricious, an abuse of discretion, and not in accordance with the INA or the associated regulations. Under the APA this Court has jurisdiction to review the Plaintiffs' challenge to the Defendants' actions.

## II.    8 U.S.C. Section 1252(a)(2)(B)(ii) does not bar jurisdiction.

The Defendants claim that 8 U.S.C. Section 1252(a)(2)(B)(ii) bars jurisdiction over a challenge to the USCIS policies to withhold adjudication of Ms. Amaro Bowser's Form I-485 because the decision of whether or not to grant adjustment of status by the USCIS is discretionary. *See Defendants Memorandum at page 7*. In the context of the USCIS policies at issue, this argument has been universally rejected.

First of all, the Plaintiffs have not challenged a discretionary ***decision*** to grant or deny Valentina Amaro Bowser's I-485. Instead, Plaintiffs challenge the arbitrary and capricious ***policy memoranda*** that prohibit USCIS from taking any action on the pending application. *Complaint ¶¶ 19-22*. This type challenges are permitted under the APA and all courts that have reviewed this issue in the context of the same policy memoranda, including this court, have agreed. *Amaro Bowser,* 2026 WL 555624, at *3 ("this misunderstands the nature of Plaintiffs' claim. They do not contest the adjudication of their applications to adjust status or for employment authorization; instead, they seek review of the ***failure to adjudicate*** the application.")(emphasis added); *Varniab v. Edlow*, No. 25-cv-10602-SVK, 2026 WL 485490, at *7 (N.D. Cal. Feb. 20, 2026) ("An overarching problem with Defendants' argument is that numerous courts have

7

concluded that subsection (B)(ii) only precludes judicial review of decisions denying discretionary relief on individual applications and does not preclude judicial review of the Government's decision to categorically act or withhold action."); *Doe, et al. v. Trump, et al.*, No. 25-cv-13946-JEK, 2026 WL 1170971, at *15 (D. Mass. April 30, 2026) ("Like the adjustment of status regulations, these regulations contain an implicit requirement that work authorization applications be decided. The adjudicative hold policy – which prohibits decisions on such applications – is fundamentally inconsistent with that regulatory command.  In addition, it is incompatible with the APA's requirement that agency action, including USCIS's consideration of adjustment of status applications and work authorization applications, "conclude" "within a reasonable time."). *See also, Saghafi, et al. v. Edlow, et al.*, No. GLR-26-100, 2026 WL 1127468, at *5 (D. MD. April 24, 2026); *Lorente v. United States Citizenship and Immigration Services*, No. 25-cv-25646-BLOOM/Elfenbein, 2026 WL 1396116  at *6  (S.D. FL May 19, 2026); *Dorcas,* 2026 WL 1622708,  at *13.

Secondly, the government's reliance on the holding in *Patel v. Garland*, 596 U.S. 328 (2022) is unavailing. The attempt to stretch the *Patel* decision to bar jurisdiction over arbitrary and capricious policies that prohibit adjudication of immigration benefits solely because a person was born in a specific country belies the core of the Plaintiffs' claims and overreads *Patel*.  "In the government's view, the Court's broad interpretation of  Section 1252(a)(2)(B)(i) encompasses, and thus prohibits, judicial review of collateral challenges to agency policies that bear on adjustment of status applications. ***This argument overreads Patel."*** *Doe v. Trump*, 2026 WL 1170971, at *7.(emphasis added). "In the context of judicial review over immigration benefit determinations, the Supreme Court has long differentiated between the "direct review of

individual denials" of applications and "general collateral challenges to [unlawful] practices and policies used by the agency in processing applications." *Dorcas,* 2026 WL 1622708, at *12.

The Defendants have promulgated a pan-national processing pause policy on immigration benefits. There has been no discretionary decision to either grant or deny Valentina Amaro Bowser's application to adjust status. Defendants instead have promulgated policy memoranda which are out of line with the Presidential Proclamations they purport to implement, indiscriminately halting benefits adjudications for citizens of 39 countries. As the Plaintiffs' Complaint and their Emergency Motion for Preliminary Relief make abundantly clear, Plaintiffs challenge the USCIS policies, not the decision of whether or not to grant Ms. Amaro Bowser's application to adjust status.

The allegations in the Complaint seek to strike a generalized USCIS policy to freeze benefits adjudications without regard to individual case circumstances. This Court unambiguously has jurisdiction to review such claims and to order the Defendants to adjudicate Ms. Amaro Bowser's application to adjust status without further delay. "The text of Section 1252(a)(2)(B)(i) does not support expanding *Patel* to cover claims challenging generally applicable policies and procedures." *Doe v. Trump*, 2026 WL 1170971, at *8. Accordingly, the court has jurisdiction and the Defendants' motion to dismiss must fail.

### III.    The Plaintiffs have clearly stated a claim for relief under the APA and the Mandamus Act.

The Plaintiffs filed this action under the APA and the Mandamus Act to compel the Defendants to adjudicate their pending applications. The fact that the Defendants have since adjudicated Forms I-765 and I-130 does not negate their claim as it applies to Ms. Amaro Bowser's pending application to adjust status. The APA and the Mandamus Act authorize this

9

Court to review the agency's failure to act on Ms. Amaro Bowser's pending application to adjust status and order the Defendant, USCIS, to adjudicate her Form I-485.

This court has already determined that the adjudication hold policies are arbitrary and capricious for several reasons: (1)  there is no "reasoned explanation" why a broad hold is necessary for applicants immigration benefits like Amaro Bowser; (2) the hold is conclusory and bears no rational connection to the facts in this case; and (3)  the policy memoranda fail to "grapple with the serious reliance issues at stake based on the change in policy." *Amaro Bowser,* 2026 WL 555624, at *7-8. Other courts have reached the same conclusion. *Varniab,* 2026 WL 485490,  at *7-10; *Doe v. Trump*, 2026 WL 1170971, at *17-18; *Saghafi,* 2026 WL 1127468, at *10; *Dorcas,* 2026 WL 1622708, at *48-50.  Given the universal agreement amongst courts that have already determined the adjudication hold policies violate the APA's prescription against creating arbitrary and capricious actions, the Defendants' motion to dismiss cannot withstand scrutiny. "In the end, the relevant statutes, regulations, and legislative intent lead the Court to conclude that Congress has not empowered USCIS to categorically withhold adjudications of immigration benefits. As Plaintiffs accurately put it, "[h]ad Congress intended to give USCIS that sweeping authority, it surely would have said so." ECF No. 20-1 at 36. As such, the Court finds that the Benefits Hold Policy is contrary to law and must be set aside." *Dorcas,* 2026 WL 1622708, at *42.

In addition to prohibiting arbitrary and capricious agency actions, the APA imposes a duty on an agency to "conclude a matter presented to it" within "a reasonable time." *5 U.S.C. § 555(b).*  A reviewing court "shall…compel agency action unlawfully withheld or unreasonably delayed." *5 U.S.C. § 706 (2018).* The Mandamus Act empowers this court to compel an officer of the United States to perform a duty he or she is required to do. *28 U.S.C. § 1361.*  A writ of

mandamus is appropriate when "(1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available." *Estate of Michael ex rel. Michael v. Lullo*, 173 F.3d 503, 512-513 (4th Cir. 1999) (citation omitted). All these elements are satisfied when an agency fails to decide applications such as those properly filed by the Plaintiff.

The Plaintiffs properly filed Forms I-130, I-485 and I-765 in January, 2025 and paid the required fees for each form. The USCIS has a nondiscretionary duty to act on them. *Litvin v. Chertoff*, 586 F.Supp. 2d 9, 11 (D. Mass. 2008); *Abdi v. Chertoff*, 589 F.Supp.2d 120, 121 (D. Mass. 2008). Moreover, the agency must act on the applications within a reasonable time. *Tang v. Chertoff*, 493 F.Supp.2d 148, 155-156 (D. Mass. 2007). Here, the adjudication hold has no end date. Ms. Amaro Bowser's application to adjust status has been pending for over fifteen (15) months. The Defendants vigorously opposed the Plaintiffs' request for preliminary relief and the government has appealed the *Dorcas* decision. *See Exhibit A attached hereto*. Thus, the Defendants have clearly articulated their intention to enforce the adjudication hold nation-wide against citizens of 39 countries with pending applications to adjust status. Since final adjudication of Ms. Amaro Bowser's application to adjust status is not forthcoming, the lengthy adjudication process is entirely unreasonable.

Notwithstanding the unlawful adjudication hold, the delay in adjudication of Ms. Amaro Bowser's application to adjust status is unreasonable since it has already stretched beyond normal processing times for the USCIS Boston Field Office.[1] However, USCIS normal

---

[1] USCIS processing times indicate applications to adjust status at the Boston Field Office are processed within 10 months from receipt. https://egov.uscis.gov/processing-times.

processing times are irrelevant when unlawful policy memoranda prohibit final adjudication of immigration benefits and offer no time line to terminate the policies.

The Defendants comment on page 3 of their memorandum which acknowledges PM-602-01944's statement that, "if a hold is in place, the case can continue to move forward **until ready for a decision**" provides additional support to strike the adjudication hold. In this case, the Plaintiffs filed their applications on January 8, 2025 and on January 7, 2026 attended an interview at the USCIS Boston Field Office where there were no issues noted that would prevent final adjudication of all immigrant benefits applied for. *Complaint ¶ 13.* At that point in time, the Plaintiffs case was ***ready for a decision.*** In fact, the case was ready for a decision prior to the January 7th interview.

The process of filing for benefits, paying all filing fees, taking biometrics, providing all required documentation and information to the USCIS and attending an interview in connection with the benefits is all that is required for a case to be ready for a decision. The in-person interview is the last step in the process for benefits applicants. Therefore, USCIS had one year prior to January 7, 2026 to conduct its investigation of the Plaintiffs and there was nothing to prevent the agency from approving the Plaintiffs' entire case on January 7, 2026 at their interview. Yet, more than fifteen (15) months after the Plaintiffs filed for their immigration benefits, the Defendants continue to withhold adjudication of Ms. Amaro Bowser's application to adjust status without justification. There is nothing *reasonable* about the Defendants inaction in this case and the unlawful hold on adjudication of immigration benefits has caused a complete cessation on adjudication of Ms. Amaro Bowser's application to adjust status despite the application being "ready for a decision" both prior to and subsequent to January 7, 2026. The

Defendants' legal position on the unlawful delay in adjudicating Valentina Amaro Bowser's application to adjust status is indefensible.

The Defendants reference in their memo to the TRAC factors is entirely misplaced and not necessary for the Plaintiffs to address in detail. *See Defendants memo pages 8-12 citing Telecommunications Research and Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984). The issue in the TRAC case involved an agency delay on a specific request by the petitioner for a ruling from the FCC. *Id*. at 73. There were no specific policies at issue in the TRAC case preventing the FCC from making the decision requested. *Id.* at 74. Thus, the TRAC factors should only apply when seeking to assess a claim of unreasonable delay absent a blanket policy prohibiting the agency from adjudicating a benefits application which is the issue in this case. Here, USCIS initiated an absolute bar to final adjudication of immigration benefits for citizens of 39 countries. The hold on adjudication was initiated on December 2, 2025 and continues to this day with no end in sight. Since there is no rational relationship between the Plaintiffs' case and the unlawful hold policy, and the policy has no end date, it is fruitless to apply the TRAC analysis.

Even if the court were to apply the TRAC factors to Ms. Amaro Bowser's application to adjust statue, the Defendants' motion must still be denied. The adjudication hold policy is completely unreasonable, offers no time table for when approvable and ready for decision applications can be adjudicated, has severely damaged the Plaintiffs and prejudiced their entire immigration process. There is no other way to interpret the Plaintiff's situation. Moreover, as one court has observed, the policy memoranda appear to be based more on anti-immigrant animus than sound reasoning. *Dorcas,* 2026 WL 1622708*,* at *52-54.

13

The Defendants argument that the agency decision is not final nor subject to judicial review has already been addressed by this Court. On this issue the Plaintiffs reiterate the argument in their Motion for Preliminary Relief and the Court's ruling based on its analysis of the factors set forth in *Bennett v. Spear*, 520 U.S. 154, 177-178 (1997). There is no reason for the court to hold differently on the issue of whether the policy memoranda are a final agency action subject to judicial review. "[T]he Policy Memorandum constitute final agency action and the court has jurisdiction over the Plaintiff's APA claim." *Bowser,* 2026 WL 555624, at *6 . The Defendants motion to dismiss cannot be granted under any theory they advance. The USCIS policy to withhold adjudication of Ms. Amaro Bowser's application to adjust status is arbitrary and capricious and unlawful. Accordingly, the Defendants motion to dismiss must be denied and judgment should enter in the Plaintiffs' favor.

## **CONCLUSION**

For the reasons stated herein, the Defendants motion to dismiss should be denied and the Plaintiffs cross motion, including all requests for relief made therein, should be granted.

**Respectfully submitted,**

**Valentina Amaro Bowser and Brandon Bowser**
**By their attorney,**


**/s/ Anthony Drago, Esq.**
**Anthony Drago, Esq. (BBO #552437)**
**Anthony Drago, Jr., P.C.**
**88 Broad Street – 5th Floor**
**Boston, MA 02110**
**(617) 357-0400**
**Anthony@adragopc.com**

14

## **CERTIFICATE OF SERVICE**

I, Anthony Drago, Esq. do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 15, 2026.

/s/ Anthony Drago, Esq._____
Attorney for Plaintiffs